## SALLA v. HELLMAN et al.

(District Court, S. D. California, S. D. August 15, 1925.)

No. 1565–B.

**1. Seamen ☞29(1) — Failure of captain of boat to attempt to rescue member of crew known to have fallen overboard held negligence.**

Failure of captain of boat to attempt to rescue member of crew known to have fallen overboard *held* negligence.

**2. Seamen ☞29(1)—Negligence of captain of boat is imputable to owner.**

Negligence of captain of boat is imputable to owner, under doctrine of respondeat superior.

**3. Death ☞85—Owner of boat held liable to dependents for pecuniary loss by seaman's death.**

Owner of boat, negligent with respect to death of member of crew, falling overboard and drowning, *held* liable, under Act Cong. March 30, 1920 (Comp. St. Ann. Supp. 1923, §§ 1251½–1251½g), to dependent relatives for pecuniary loss sustained by them by reason of his death.

**4. Death ☞77—Facts held to justify award of $1,250 damages to dependents for seaman's death.**

In libel under Act Cong. March 30, 1920 (Comp. St. Ann. Supp. 1923, §§ 1251½–1251½g), for pecuniary damages suffered by dependent relatives of deceased member of crew, whose death occurred on the high seas in the service and employment of owner of the boat, facts *held* to justify award of $1,250 as damages to dependent brother and sisters, though all are married.

In Admiralty. Libel by Florence Salla, administratrix of the estate of Nicholas Batistich, deceased, against Marco H. Hellman and another. Decree for libelant advised.

Thomas D. Long, F. W. Turcotte, and May F. Hogan, all of Los Angeles, Cal., for libelant.

Page, Nolan, Rohe & Hurt, of Los Angeles, Cal., for respondents.

McCORMICK, District Judge. This libel is brought under the Act of Congress of March 30, 1920 (41 Stat. at Large, 537 [Comp. St. Ann. Supp. 1923, §§ 1251½–1251½g]); the claim being for money damages alleged to have been suffered by four alleged dependent relatives of one Nicholas Batistich, deceased, caused by the death of Batistich while in the service and employ of respondent Hellman Commercial Trust & Savings Bank, a corporation, on the high seas.

Another libel, which was heard simultaneously with this action, has this day been determined and a memorandum opinion filed therein. 7 F.(2d) 949. Many of the facts adverted to in said memorandum opinion are applicable to this proceeding, so that I deem it unnecessary to make another extended statement herein.

[1-3] There has been no case whatever proven against respondent Marco. H. Hellman individually, as the deceased at the time he met his death was not in the service or employ of Hellman personally but was the agent and employee of the respondent Bank Corporation. It is my opinion that the death of Batistich, while probably contributed to by his own negligence or fault, was also due in part to the conduct and negligence of the captain of the Traveler, under whose orders Batistich was acting, and who was the agent and servant of respondent bank. In addition, the evidence proves that, after Batistich went overboard, the captain of the Traveler although apprised thereof, made no effort to locate Batistich or to rescue him from the sea. I believe his failure to do so was negligence, and that under the doctrine of respondeat superior the respondent bank is liable to the dependent relatives of Batistich for any pecuniary loss which the evidence shows they have sustained by reason of the death of Batistich.

It is somewhat difficult to measure the damages sustained by deceased's surviving relatives, who consist of a sister living in San Pedro, Cal., and a brother and two sisters living in Jugo-Slavia. The act under which this suit is brought provides that the recovery shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought, and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought.

The evidence of dependency is quite meager and vague. It has been established, however, to my satisfaction, that the decedent regularly contributed some moneys toward the support of his brother and three sisters, all of whom are adults and married. It also appears that these relatives depended to some extent, at least, upon the benefactions of the deceased, who was an unmarried man and lived with his sister at San Pedro, Cal. And under all the facts and circumstances as shown by the evidence and in view of decedent's own carelessness and negligence, which undoubtedly contributed to cause his death by being thrown overboard from the Traveler in the nighttime, I have concluded that a judgment of $1,250 for libelant against respondent Hellman Commercial Trust & Savings Bank, a corporation, is justified, and findings and a decree in accordance herewith are therefore ordered, and said sum of $1,250 will be apportioned among the dependent relatives as follows:

To Florence Salla, sister, of San Pedro, Cal., $500; to Ivan Batistich, brother, of Korcula, Jugo-Slavia, $250; to Pera Nobile, sister, of Korcula, Jugo-Slavia, $250; and to Mara Midesich, sister of Korcula, Jugo-Slavia, $250.

Proctor for libelant will prepare findings and decree accordingly, which will carry costs of suit.